IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv161
(3:06cr194)

| | |
|---|---|
| DEVON RAYMUS STURDIVANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Also before the Court is Petitioner's Motion to Appoint Counsel. (Doc. No. 2).

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that a petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b), foll. § 2255. For the reasons stated below, Petitioner's Motion will be dismissed as untimely.

I. BACKGROUND

On July 26, 2006, Petitioner was indicted for conspiracy to attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count

Three). (Case No. 3:06cr194, Doc. No. 9). On October 3, 2006, Petitioner entered a guilty plea to Counts One and Two pursuant to a plea agreement, in which the Government dismissed Count Three. (Id. at Doc. No. 21). The Court sentenced Petitioner to a total of 262 months' imprisonment and five years' supervised release and entered Judgment on February 19, 2008. (Id. at Doc. No. 32).

Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 23, 2009. United States v. Sturdivant, 319 F. App'x 234, 236 (4th Cir. 2009) (unpublished). Petitioner did not seek a writ of certiorari from the United States Supreme Court. (Doc. No. 1: Motion at 2).

On or about April 4, 2011, Petitioner filed the instant Motion to Vacate (Doc. No. 1). On April 8, 2011, the Court sent notice to Petitioner pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), that his Motion appeared to be untimely and gave him time to explain why the Motion should not be dismissed. (Doc. No. 3). On April 19, 2011, Petitioner filed a Response, arguing that his Motion should not be viewed as untimely because his Judgment has not yet become final. (Doc. No. 4 at 1-2).

II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, imposes a one-year statute of limitations period for the filing of a motion to vacate. In the instant case, the statutory limitation period began to run from "the date on which the judgment of conviction [became] final[.]" 18 U.S.C. § 2255(f)(1).

Petitioner contends that his Judgment is not final because, under the terms of his plea agreement, his sentence remains open and is subject to change at any time based upon his continued assistance to the Government. (Doc. No. 4 at 1-2). In support, Petitioner points to

boiler plate language in his plea agreement describing his ongoing obligation to provide assistance to the Government, if requested. (Id. citing Case No. 3:06cr194, Doc. No. 21: Plea Agreement at ¶¶ 23-24). Petitioner is incorrect as a matter of law. "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Thus, for § 2255 purposes, the Judgment entered by this Court on February 19, 2008, and affirmed by the Fourth Circuit on March 23, 2009, became final on or about June 22, 2009.[1]

III. CONCLUSION

Petitioner had until June 22, 2010, in which to file a Motion to Vacate. Because his Motion was not filed until April 4, 2011, it is untimely and must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as untimely;

2. Petitioner's Motion for Appointment of Counsel (Doc. No. 2) is **DENIED** as moot; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on

---

[1] The time period to seek certiorari ends ninety days after the appellate court enters judgment, or sixty-nine days after the appellate court issues its mandate. Clay, 537 U.S. at 525.

procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: May 17, 2011

Robert J. Conrad, Jr.
Chief United States District Judge